144

## DALEY v. EVANS CASE CO.

### No. 6128.

District Court, D. Massachusetts.

Sept. 12, 1940.

George K. Woodworth, of Boston, Mass., and Leslie W. Fricke, Wm. H. DeBusk, and Floyd E. Britton, all of Chicago, Ill., for plaintiff.

Edward F. McClennen and Edward Williamson, both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This case has been fully heard before a Master, and the Master's report has been filed. At or about the time that the report was filed new counsel for the defendant appeared, and the old counsel disappeared.

On June 10, 1940, I allowed the defendant to file an amended answer for the purpose of conforming the pleadings to the evidence already adduced and to the issues raised at the hearing before the Master. Subsequent to that the plaintiff filed a motion for a bill of particulars under the amended answer, and the desired particulars were supplied.

There are now before me the plaintiff's motion to strike the defendant's amended answer, and the plaintiff's motion to strike the defendant's particulars. At the hearing on these motions the plaintiff alleged that the defendant was now seeking to raise new and broader issues than were present in the hearing before the Master. The defendant also filed notice of the taking of certain depositions which was stayed by McLellan, J., pending the decision on the motion to strike the defendant's answer.

In considering all of these matters I do not feel that the amended answer should be stricken. It is claimed that it is needed to conform to the evidence and issues before the Master. This I could not determine without reading all of the evidence presented to the Master. Then, too, the plaintiff has moved for, and secured particulars under this answer. But in refusing to strike the amended answer I do not intend to allow the plaintiff to raise issues that were not presented to the Master, except as it may appear to the Judge who will hear this case on the merits that new defenses have arisen or that new evidence has been discovered which could not have been discovered by the exercise of due diligence prior to the filing of the Master's report. With this understanding I deny the plaintiff's motion to strike the defendant's answer, and also the plaintiff's motion to strike the defendant's particulars.

There is no need to pass on the plaintiff's motion to set aside the defendant's motion of June 18, 1940, to take depositions upon oral examination as the time for taking these depositions has long since passed.

There is also before me the plaintiff's motion to strike the defendant's notice to produce. I do not find a copy of the notice to produce amongst the papers in the file, and I am therefore unable to pass on it. If it is important now in view of the disposition of the amended answer it may be marked for argument anew.